## SETTLEMENT AGREEMENT

WHEREAS Altum Pharmaceuticals Inc. ("**Altum**"), Nancy Miller-Rich ("**Miller-Rich**") and Ali Ardakani ("**Ardakani**") have agreed to a resolution of matters related to the resignations of Miller-Rich and Ardakani as directors, officers and/or employees of Altum (the "**Settlement**");

AND WHEREAS Altum and Miller-Rich entered into an employment agreement effective as of September 17, 2018 pursuant to which Altum engaged Miller-Rich, and Miller-Rich agreed to serve, as the Executive Chairman of Altum (the "**Employment Agreement**");

AND WHEREAS in connection with the Settlement, Altum and Miller-Rich have agreed to terminate the Employment Agreement on the terms and conditions contained herein;

NOW THEREFORE THIS AGREEMENT WITNESSES that in consideration of the respective covenants and agreements of the parties herein contained and for other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged by each party), the parties hereto agree as follows:

1. Altum and Miller-Rich hereby agree that the Employment Agreement and Miller-Rich's employment with Altum are terminated effective as of the date hereof. Altum and Miller-Rich further agree that, notwithstanding Article 7 of the Employment Agreement, the sole and only obligation of Altum in respect of the termination of the Employment Agreement shall be 8 quarterly payments of US$50,000 each for a period of 24 months beginning on June 30, 2020 and ending on March 31, 2022.

2. Altum and Miller-Rich hereby agree that Altum will pay the outstanding salary of US$45,000 owed to Miller-Rich on or before July 31, 2020 (the "**Miller-Rich Salary**").

3. Altum and Ardakani hereby agree that Altum will pay outstanding director fees and other amounts in the aggregate amount of CAD$16,691.50 plus GST owed to Ardakani on or before July 31, 2020 (the "**Director Fees**").

4. Each of Miller-Rich and Ardakani hereby agree that any and all outstanding options to acquire shares or any other securities of Altum held by them shall be terminated effective as of the date hereof, except for those set out in the attached Schedule "A" under the column "Options Exercisable".

5. Each of Miller-Rich and Ardakani hereby represents and warrants to Altum that: (a) there are no agreements, arrangements or commitments of any nature, written or oral, entitling either of them (or any of their respective affiliates, directors, officers, employees or family members), directly or indirectly, to any payments,

Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 2 of 19

- 2 -

compensation, securities or benefits from Altum or any of its subsidiaries, other than (i) this agreement, (ii) the Employment Agreement as amended by the terms hereof, (iii) the Director Fees and (iv) the Miller-Rich Salary; (b) they have no knowledge that Altum has terminated or delivered notices of termination to any employees, consultants or service providers of Altum or any of its subsidiaries during the period from May 22, 2020 to the date hereof; and (c) they have no knowledge that Altum has damaged, sold, disposed or otherwise transferred or agreed to sell, dispose or transfer any of the assets, whether tangible and intangible, of Altum or any of its subsidiaries during the period from May 22, 2020 to the date hereof.

6.  Ardakani further represents and warrants to Altum that he has provided to Altum all the information required to access Altum's accounts, including but not limited to the information outlined in Schedule "B" hereto, and that such information is full, true and accurate. Ardakani covenants and agrees that, to the extent additional information is required to access any of Altum's accounts, he shall provide such information forthwith upon request by Altum. Ardakani also represents and warrants to Altum that he has caused the Altum email accounts of Ahmad Doroudian and Moira Ong to be reinstated.

7.  Following the execution of this agreement, neither Altum, on the one hand, nor Miller-Rich and Ardakani, on the other hand, will make any adverse, negative or disparaging public or non-public statements regarding the other as relates to Altum or the circumstances leading up to the Settlement, except as may be required by governmental authority or applicable law and with reasonable notice provided to the affected party if such notice may reasonably be provided. Altum agrees not to make any public statements or issue any press releases regarding Miller-Rich or Ardakani, including regarding their resignations, without the express written consent of Miller-Rich and Ardakani, respectively, unless required by applicable law.

8.  Concurrent with the execution of this agreement, Altum, on the one hand, and each of Miller-Rich and Ardakani, on the other hand, shall execute and deliver resignation and mutual releases in the forms attached hereto as Schedules "C-1" and "C-2", respectively.

9.  This agreement shall be governed by and construed in accordance with the laws of the Province of British Columbia and the laws of Canada applicable therein, and the parties hereto hereby irrevocably attorn to the jurisdiction of the Courts thereof.

10. This agreement constitutes the entire agreement between the parties hereto and supersedes and replaces any and all other agreements, arrangements or understandings between or among the parties.

Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 3 of 19

- 3 -

11.     Each party hereto agrees to execute and deliver all such documents and to do all such other acts and things as may be reasonably necessary from time to time to give full effect to the provisions and intent of this agreement.

12.     This agreement and the rights of the parties hereto may not be assigned by any party without the prior written consent of the other parties. All the terms and provisions of this agreement shall be binding upon and shall enure to the benefit of the parties hereto and their respective successors and permitted assigns.

13.     Time shall be of the essence hereof.

14.     This agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same document. Each party shall be entitled to rely on delivery of a facsimile copy of this agreement, and acceptance by any party of a facsimile copy of this agreement shall create a legal, valid and binding agreement between and among the parties hereto in accordance with the terms hereof.

*[Signature Pages Follow]*

Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 4 of 19

- 4 -

**IN WITNESS WHEREOF** the parties have executed this agreement as of the 9th day of June, 2020.

**ALTUM PHARMACEUTICALS INC.**

by _____

Name:
Title:

SIGNED, SEALED & DELIVERED

In the presence of:

_____
Witness
Name: Jordan Rich

_____
Nancy Miller-Rich

_____
Witness
Name: Dana Kulhava

_____
Ali Ardakani

- 4 -

**IN WITNESS WHEREOF** the parties have executed this agreement as of the 9th day of June, 2020.

ALTUM PHARMACEUTICALS INC.

by _A_____

Name: *Ahmad Doroudian*

Title: *Director*

SIGNED, SEALED & DELIVERED

In the presence of:

_____        _____
Witness                                Nancy Miller-Rich
Name:

_____        _____
Witness                                Ali Ardakani
Name:

**SCHEDULE "A"**

**Stock Shares held by Miller-Rich and Ardakani**

Nancy Miller-Rich                    58,244

Ali Ardakani                         3,095,239

**Stock Options**

| A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|

**ALTUM PHARMACEUTICALS INC.**
Options Summary
31-Mar-20

| Option Holder | Options Granted | Options Forfeited | Options Outstanding | Options Exercisable | Exercise Price (US$) | Exercise Price (C$) | Issue Date | Expiry Date | Wtd Avg Ex Price |
|---|---|---|---|---|---|---|---|---|---|
| Nancy Miller-Rich | 37,500 | - | 37,500 | 37,500 | | $ 0.01 | 1-Jul-18 | 30-Jun-21 | $ 0.00 |
| Ali Ardakani | 300,000 | - | 300,000 | 200,000 | | $ 1.50 | 1-Jul-18 | 30-Jun-21 | $ 0.21 |
| Nancy Miller-Rich | 64,048 | - | 64,048 | 64,048 | | $ 1.60 | 11-Jun-19 | 8-Jan-29 | $ 0.05 |
| Nancy Miller-Rich | 41,667 | - | 41,667 | 41,667 | $ 1.20 | $ 1.61 | 15-Jun-19 | 14-Jun-29 | $ 0.03 |
| Nancy Miller-Rich | 20,833 | - | 20,833 | 20,833 | $ 1.20 | $ 1.59 | 25-Sep-19 | 24-Sep-29 | $ 0.02 |
| Nancy Miller-Rich | 20,833 | - | 20,833 | 20,833 | $ 1.20 | $ 1.54 | 17-Dec-19 | 26-Dec-29 | $ -0.02 |

## SCHEDULE "B"

### INFORMATION FOR ALTUM ACCOUNT ACCESS

1) Credentials for the backend of Altum website: www.altumpharma.com, including but not limited to, Cpanel and Wordpress.
2) Credentials for GoDaddy (website domain maintenance).
3) Credentials for Office 365 (email accounts).
4) Credentials for the following login for Sharefile: sharefile@altumpharma.com.
5) Credentials for all other programs purchased by Altum and managed by Dana Kulhava.

Case 1:22-cv-03473-JLR Document 7-2 Filed 04/29/22 Page 8 of 19

SCHEDULE "C-1"

RESIGNATION AND MUTUAL RELEASE

NANCY MILLER-RICH

[See attached]

## RESIGNATION AND MUTUAL RELEASE

### Nancy Miller-Rich

#### 1. Resignation

I, Nancy Miller-Rich (the "**Executive**") hereby resign from my employment and any legal office with Altum Pharmaceuticals Inc. or any affiliated or associated company or subsidiary thereof ("**Altum**") and from any other office, directorship or appointment I hold with Altum effective as of the date hereof. I agree to execute and deliver such further documents as Altum may reasonably require to give effect to such resignation.

#### 2. Corporate Release

For and in consideration of the payment by the Executive of $1.00 to Altum and Ahmad Doroudian ("**Doroudian**"), the mutual covenants and releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Doroudian and Altum and their present and former directors, officers, employees, partners and agents and each of their heirs, executors, administrators, trustees, successors and assigns, do hereby remise, release and forever discharge the Executive from all actions, manners of actions, causes of action, suits, debts, dues, bonds, covenants, agreements, claims and demands of every nature and description whatsoever, which they ever had or now have or hereinafter can have against the Executive arising out of any cause or matter, including, without limitation, any claim pursuant to the employment agreement dated September 17, 2018 between the Executive and Altum (the "**Employment Agreement**") but, for greater certainty, excluding the confidentiality and intellectual property provisions of the Employment Agreement.

Notwithstanding anything contained herein, this Resignation and Mutual Release shall not release the Executive from any manner of actions, causes of action, suits, debts, damages, covenants, contracts, costs, expenses, compensation, claims and demands whatsoever, whether in law or in equity, whether known or unknown, arising in whole or in part from unlawful conduct by the Executive.

#### 3. Individual Release

For and in consideration of the payment by each of Doroudian and Altum of $1.00 to the Executive, the mutual covenants and releases and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Executive, for herself and for her heirs, executors, administrators, trustees, successors and legal representatives, does hereby release, remise and forever discharge Altum and their present and former directors, officers, employees, partners and agents and each of their heirs, executors, administrators, trustees, successors and assigns (collectively, the "**Releasees**"), from any and all manner of actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands of any kind whatsoever, both in law and in equity which the Executive ever had or now has, or which the Executive or her heirs, executors, administrators, trustees, successors and legal representatives hereafter can, shall or may have against the Releasees, or any of them, arising out of any cause or matter that has occurred on or prior to the date hereof, including, without limitation, any cause or matter related to the Executive having been an employee, director and/or officer of Altum, or the cessation thereof including, without limitation, any claim pursuant to the Employment Agreement, any claim pursuant to the BC *Human Rights Code*, the BC *Employment Standards Act*, and any claim for an oppression remedy or for any other matter brought as a derivative action or class proceeding.

Notwithstanding anything contained herein, this Resignation and Mutual Release shall not extend to

LEGAL_33413747.4

or affect, or constitute a release of the Executive's right to sue, claim against or recover from Altum and shall not constitute an agreement to refrain from bringing, taking or maintaining any action against Altum (i) in respect of any corporate indemnity existing by statute, by contract or pursuant to any of the constating documents of Altum provided in the Executive's favour in respect of the Executive having acted at any time as a director, officer or both of Altum and (ii) in respect of any claim under the settlement agreement dated as of the date hereof between the Executive, Altum Pharmaceuticals Inc. and Mr. Ali Ardakani by the Executive, which expressly survives any release contained herein.

### 4.    No Assignment

For the consideration referred to herein, the Executive represents and warrants to Altum that she has not assigned and will not assign to any person, firm or corporation any of the actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands which the Executive releases by this Resignation and Mutual Release.

For the consideration referred to herein, Doroudian and Altum represent and warrant to the Executive that they have not assigned and will not assign to any person, firm or corporation any of the actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands which Doroudian and Altum release by this Resignation and Mutual Release.

### 5.    Confidentiality

The Executive recognizes and acknowledges that she has had access to certain confidential and proprietary information, the disclosure of which could be harmful to the interests of Altum and/or the Releasees.   The Executive acknowledges and agrees that she has taken and will in future take appropriate precautions to safeguard the confidential and proprietary information of Altum and/or the Releasees and that she will not use or disclose any confidential and proprietary information. The Executive confirms that she has returned to Altum all of Altum's property in compliance with Article 5 of the Employment Agreement, other than electronic copies, which are subject to the confidentiality provisions of this agreement.

The Executive further acknowledges and agrees that the Executive's fiduciary duty, including the duty not to disclose or use any confidential or unique information of Altum or the Releasees, and post–employment obligations set forth in the Employment Agreement, shall survive termination of the Executive's employment with Altum.

### 6.    Interference

Altum and the Executive agree not to take any action which would interfere with the performance of this Resignation and Mutual Release by the other party or which would adversely affect any of the rights provided for hereunder.

### 7.    Undertaking

The parties hereby declare that they have been provided with adequate opportunity to obtain independent legal advice with regard to this Resignation and Mutual Release and do execute it voluntarily with full knowledge of its terms and conditions. The Executive acknowledges and declares that she fully understands this Resignation and Mutual Release and has not been influenced by any representations or statements made by or on behalf of Altum or the Releasees. The Executive hereby voluntarily accepts the said terms for the purpose of making full and final compromise, adjustment and

settlement of all claims as aforesaid.

### 8.    Indemnity

The Executive agrees to hold harmless and indemnify Altum from and against all claims, charges, taxes, penalties, costs (legal or otherwise) and demands which may be made by the appropriate government agency for income tax or other amounts payable in respect of any payment made to the Executive following the date hereof, in excess of amounts previously withheld by Altum, if any.

### 9.    Counterpart

The parties agree that this Resignation and Mutual Release may be executed in counterparts, by facsimile or other electronic transmission, each of which will be deemed an original and all of which together constitute one and the same instrument.

### 10.    Governing Law and Language

This Resignation and Mutual Release shall, in all respects, be subject to, interpreted, construed and enforced in accordance with and under the laws of the Province of British Columbia and the laws of Canada applicable therein. The parties hereby irrevocably submit to the exclusive jurisdiction of the courts of British Columbia with respect to any matter arising hereunder or related hereto.

*Execution Page Follows.*

LEGAL_33413747.4

This Resignation and Mutual Release is effective as of June 9, 2020.

**SIGNED, SEALED & DELIVERED**
In the presence of:

Witness                                                      Nancy Miller-Rich

**ALTUM PHARMACEUTICALS INC.**

By: _____

 Name: _____
 Title: Chair & Director

By: _____

 **Ahmad Doroudian, on his own behalf**

LEGAL_33413747.4

FILED: NEW YORK COUNTY CLERK 02/17/2022 12:34 PM
NYSCEF DOC. NO. 14
Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 13 of 19

INDEX NO. 655172/2021
RECEIVED NYSCEF: 02/17/2022

This Resignation and Mutual Release is effective as of June 9, 2020.

**SIGNED, SEALED & DELIVERED**
In the presence of:

_____
**Witness**

**Nancy Miller-Rich**

**ALTUM PHARMACEUTICALS INC.**

By: _____

Name: Ahmad Doroudian

Title: ~~Chief~~ Director

By: _____

Ahmad Doroudian, on his own behalf

LEGAL_33413747.4

Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 14 of 19

## SCHEDULE "C-2"

### RESIGNATION AND MUTUAL RELEASE

### ALI ARDAKANI

**[See attached]**

## RESIGNATION AND MUTUAL RELEASE

### Ali Ardakani

### 1.   Resignation

I, Ali Ardakani (the **"Director"**) hereby resign from my employment and any legal office with Altum Pharmaceuticals Inc. or any affiliated or associated company or subsidiary thereof (**"Altum"**) and from any other office, directorship or appointment I hold with Altum effective as of the date hereof. I agree to execute and deliver such further documents as Altum may reasonably require to give effect to such resignation.

### 2.   Corporate Release

For and in consideration of the payment by the Director of $1.00 to Altum and Ahmad Doroudian (**"Doroudian"**), the mutual covenants and releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Doroudian and Altum and their present and former directors, officers, employees, partners and agents and each of their heirs, executors, administrators, trustees, successors and assigns, do hereby remise, release and forever discharge the Director from all actions, manners of actions, causes of action, suits, debts, dues, bonds, covenants, agreements, claims and demands of every nature and description whatsoever, which they ever had or now have or hereinafter can have against the Director arising out of any cause or matter, including, without limitation, any claim arising out of his capacity as a director, officer or employee of Altum.

Notwithstanding anything contained herein, this Resignation and Mutual Release shall not release the Director from any manner of actions, causes of action, suits, debts, damages, covenants, contracts, costs, expenses, compensation, claims and demands whatsoever, whether in law or in equity, whether known or unknown, arising in whole or in part from unlawful conduct by the Director.

### 3.   Individual Release

For and in consideration of the payment by each of Doroudian and Altum of $1.00 to the Director, the mutual covenants and releases and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Director, for himself and for his heirs, executors, administrators, trustees, successors and legal representatives, does hereby release, remise and forever discharge Altum and their present and former directors, officers, employees, partners and agents and each of their heirs, executors, administrators, trustees, successors and assigns (collectively, the **"Releasees"**), from any and all manner of actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands of any kind whatsoever, both in law and in equity which the Director ever had or now has, or which the Director or his heirs, executors, administrators, trustees, successors and legal representatives hereafter can, shall or may have against the Releasees, or any of them, arising out of any cause or matter that has occurred on or prior to the date hereof, including, without limitation, any cause or matter related to the Director having been an employee, director and/or officer of Altum, or the cessation thereof including, without limitation, any claim pursuant to the Employment Agreement, any claim pursuant to the BC *Human Rights Code*, the BC *Employment Standards Act*, and any claim for an oppression remedy or for any other matter brought as a derivative action or class proceeding.

Notwithstanding anything contained herein, this Resignation and Mutual Release shall not extend to or affect, or constitute a release of the Director's right to sue, claim against or recover from Altum and shall not constitute an agreement to refrain from bringing, taking or maintaining any action against

Altum (i) in respect of any corporate indemnity existing by statute, by contract or pursuant to any of the constating documents of Altum provided in the Director's favour in respect of the Director having acted at any time as a director, officer or both of Altum and (ii) in respect of any claim under the settlement agreement dated as of the date hereof between the Director, Ms. Nancy Miller-Rich and Altum Pharmaceuticals Inc., which expressly survives any release contained herein.

### 4. No Assignment

For the consideration referred to herein, the Director represents and warrants to Altum that he has not assigned and will not assign to any person, firm or corporation any of the actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands which the Director releases by this Resignation and Mutual Release.

For the consideration referred to herein, Doroudian and Altum represent and warrant to the Director that they have not assigned and will not assign to any person, firm or corporation any of the actions, causes of actions, suits, proceedings, deeds, dues, duties, debts, accounts, bonds, covenants, contracts, claims, liabilities, damages (known or unknown), sums of money, grievances, executions, judgments, rights and demands which Doroudian and Altum release by this Resignation and Mutual Release.

### 5. Confidentiality

The Director recognizes and acknowledges that he has had access to certain confidential and proprietary information, the disclosure of which could be harmful to the interests of Altum and/or the Releasees.  The Director acknowledges and agrees that he has taken and will in future take appropriate precautions to safeguard the confidential and proprietary information of Altum and/or the Releasees and that he will not use or disclose any confidential and proprietary information. The Director confirms that he has returned to Altum all of Altum's property, other than electronic copies, which are subject to the confidentiality provisions of this agreement.

The Director further acknowledges and agrees that the Director's fiduciary duty, including the duty not to disclose or use any confidential or unique information of Altum or the Releasees, and post–employment obligations, shall survive termination of the Director's employment with Altum.

### 6. Interference

Altum and the Director agree not to take any action which would interfere with the performance of this Resignation and Mutual Release by the other party or which would adversely affect any of the rights provided for hereunder.

### 7. Undertaking

The parties hereby declare that they have been provided with adequate opportunity to obtain independent legal advice with regard to this Resignation and Mutual Release and do execute it voluntarily with full knowledge of its terms and conditions. The Director acknowledges and declares that he fully understands this Resignation and Mutual Release and has not been influenced by any representations or statements made by or on behalf of Altum or the Releasees.  The Director hereby voluntarily accepts the said terms for the purpose of making full and final compromise, adjustment and settlement of all claims as aforesaid.

### 8. Indemnity

Case 1:22-cv-03473-JLR   Document 7-2   Filed 04/29/22   Page 17 of 19

The Director agrees to hold harmless and indemnify Altum from and against all claims, charges, taxes, penalties, costs (legal or otherwise) and demands which may be made by the appropriate government agency for income tax or other amounts payable in respect of any payment made to the Director following the date hereof, in excess of amounts previously withheld by Altum, if any.

### 9.    Counterpart

The parties agree that this Resignation and Mutual Release may be executed in counterparts, by facsimile or other electronic transmission, each of which will be deemed an original and all of which together constitute one and the same instrument.

### 10.    Governing Law and Language

This Resignation and Mutual Release shall, in all respects, be subject to, interpreted, construed and enforced in accordance with and under the laws of the Province of British Columbia and the laws of Canada applicable therein. The parties hereby irrevocably submit to the exclusive jurisdiction of the courts of British Columbia with respect to any matter arising hereunder or related hereto.

*Execution Page Follows.*

{GLGZ-00278048;1}                    LEGAL_33421873.2

This Resignation and Mutual Release is effective as of June 9, 2020.

**SIGNED, SEALED & DELIVERED**
In the presence of:

_____
Witness    Dana Kulhava

_____
**Ali Ardakani**

**ALTUM PHARMACEUTICALS INC.**

By:    _____
       Name: _____
       Title:    Chair & Director

By:    _____
       **Ahmad Doroudian, on his own behalf**

This Resignation and Mutual Release is effective as of June 9, 2020.

**SIGNED, SEALED & DELIVERED**
In the presence of:

_____

Witness                                                        **Ali Ardakani**

**ALTUM PHARMACEUTICALS INC.**

By: _____
Name: ~~Ahmad~~ Doroudian
Title: ~~Chair~~ & Director

By: _____
**Ahmad Doroudian, on his own behalf**

{GLGZ-00278048;1}                         LEGAL_33421873.2