UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY MILLER-RICH,<br><br>　　　　　　　　Plaintiff,<br><br>- against -<br><br>ALTUM PHARMACEUTICALS INC.,<br>BETTERLIFE PHARMA INC.,<br>AHMAD DOROUDIAN,<br>STEPHEN DATTELS,<br>JOHN AND JANE DOES 1-50, and<br>ABC CORPORATIONS 1-20,<br><br>　　　　　　　　Defendants. | Case No.  1:22-cv-03473-JLR<br><br>Hon. Jennifer L. Rochon<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS ALTUM PHARMACEUTICALS INC.,
<u>BETTERLIFE PHARMA INC., AND AHMAD DOROUDIAN</u>**

**ALDOUS PLLC**

420 Lexington Avenue, Suite 300
New York, New York 10170-0399
(212) 856-7281 (tel)
(914) 645-6005 (mobile)
kaldous@aldouspllc.com

*Attorneys for Defendants
Altum Pharmaceuticals Inc.,
BetterLife Pharma Inc., and
Ahmad Doroudian*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................1

PROCEDURAL HISTORY ...............................................................................................2

FACTUAL BACKGROUND .............................................................................................3

ARGUMENT ....................................................................................................................5

POINT I        THE COURT SHOULD DISMISS THIS ACTION
UNDER THE DOCTRINE OF *FORUM NON CONVENIENS.* ...............5

    A.    Plaintiff's Choice of Forum Merits Only Minimal Deference. .................6

    B.    British Columbia is an Adequate Alternative Forum................................9

    C.    This Dispute Lacks a Sufficient Nexus With New York, and
the Relevant *Gilbert* Factors Weigh In Favor of Dismissal. ...................10

        1.    The Private-Interest Factors Favor Dismissal. .............................12

        2.    The Public-Interest Factors Favor Dismissal. .............................14

POINT II      THE COURT LACKS PERSONAL JURISDICTION
OVER DEFENDANTS (Fed. R. Civ. P. 12(b)(2))................................16

    A.    There is No Statutory Basis For Personal Jurisdiction............................17

    B.    The Exercise of Personal Jurisdiction Does Not
Comport With Constitutional Due Process...............................................21

POINT III     THE COMPLAINT'S FIRST, SECOND, THIRD, AND FIFTH
CAUSES OF ACTION FAIL TO STATE (SECURITIES)
FRAUD CLAIMS (Fed R. Civ. P. 12(b)(6)). ..........................................22

POINT IV     THE COURT LACKS SUBJECT-MATTER JURISDICTION
AND VENUE IS IMPROPER WITH RESPECT TO THE
COMPLAINT'S THIRD, FIFTH, AND SIXTH CAUSES OF
ACTION (Fed R. Civ. P. 12(b)(1) and (3)). ............................................24

CONCLUSION ..............................................................................................................25

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Absolute Activist Value Master Fund Ltd. v. Ficeto,*
    677 F.3d 60 (2d Cir. 2012) ...................................................................................22

*Ace Am. Ins. Co. v. Univ. of Ghana,*
    2022 WL 3362193 (S.D.N.Y. Aug. 15, 2022).......................................................5

*Acosta v. JPMorgan Chase & Co.,*
    219 F. App'x 83 (2d Cir. 2007) .......................................................................7, 11

*Aenergy, S.A. v. Republic of Angola,*
    31 F.4th 119 (2d Cir. 2022) ............................................................................6, 11

*Agency Rent a Car Sys. Inc. v. Grand Rent a Car Corp.,*
    98 F.3d 25 (2d Cir. 1996) ...................................................................................18

*Alcoa Steamship Co. v. M/V Nordic Regent,*
    654 F.2d 147 (2d Cir.),
    *cert denied,* 449 U.S. 890 (1980) .................................................................6, 15

*Alfadda v. Fenn,*
    966 F. Supp. 1317 (S.D.N.Y. 1997),
    *aff'd,* 159 F.3d 41 (2d Cir. 1998) ........................................................... 12, 14, 15

*Allstate Life Ins. Co. v. Linter Grp. Ltd.,*
    994 F.2d 996 (2d Cir. 1993) ...............................................................11, 13-14, 15

*Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,*
    439 F.2d 428 (2d Cir. 1971) ...............................................................................19

*Am. Girl, LLC v. Zembrka,*
    2021 WL 1699928 (S.D.N.Y. Apr. 28, 2021) ................................................16-17

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
    305 F.3d 120 (2d Cir. 2002) ...............................................................................22

*BFI Grp. Divino Corp. v. JSC Russian Aluminum,*
    298 F. App'x 87 (2d Cir. 2008) .............................................................................8

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985)............................................................................................22

*Cap. Currency Exch. v. Nat'l Westminster Bank PLC,*
    155 F.3d 603 (2d Cir. 1998) ...............................................................................15

*Carey v. Bayerische Hypo-Und Vereinsbank AG,*
    370 F.3d 234 (2d Cir. 2004) ............................................... 5, 8

*Cavello Bay Reins. Ltd. v. Shubin Stein,*
    986 F.3d 161 (2d Cir. 2021) ...................................................... 23

*Charles Schwab Corp. v. Bank of Am. Corp.,*
    883 F.3d 68 (2d Cir. 2018) ........................................................ 16

*Chazen v. Deloitte & Touche, LLP,*
    247 F. Supp. 2d 1259 (N.D. Ala. 2003),
    *aff'd in relevant part*, 2003 WL 24892029 (Dec. 12, 2003) ................................. 10

*Coast to Coast Energy, Inc. v. Gasarch,*
    149 A.D.3d 485 (1st Dep't 2017) ............................................ 17

*Commc'n Partners Worldwide, Inc. v. Main St. Res.,*
    2005 WL 1765712 (S.D.N.Y. July 26, 2005) ............................ 18

*Cooperstein v. Pan-Oceanic Marine, Inc.,*
    124 A.D.2d 632 (2d Dep't 1986) ......................................... 19, 20

*In re Coral Corp. Inc. Secs. Litig.,*
    147 F. Supp. 2d 363 (E.D. Pa. 2001) ..................................... 10

*Cotia (USA) Ltd. v. Lynn Steel Corp.,*
    134 A.D.3d 483 (1st Dep't 2015) ............................................ 17

*Cruz v. Maritime Co. of Philippines,*
    702 F.2d 47 (2d Cir. 1983) ...................................................... 15

*Dattner v. Conagra Foods, Inc.,*
    91 F. App'x 179 (2d Cir. 2004) ................................................. 8

*Davidson Extrusions, Inc. v. Touche Ross & Co.,*
    131 A.D.2d 421 (2d Dep't 1987) ......................................... 19, 20

*DeYoung v. Beddome,*
    707 F. Supp. 132 (S.D.N.Y. 1989) ....................................... 10, 11

*Diatronics, Inc. v. Elbit Computers, Ltd.,*
    649 F. Supp. 122 (S.D.N.Y. 1986) ....................................... 11, 12

*DiRienzo v. Philip Servs. Corp.,*
    232 F.3d 49 (2d Cir. 2000),
    *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002) .................... 9, 10

*Ehrenfeld v. Mahfouz,*
    489 F.3d 542 (2d Cir. 2007) ...................................................................21

*ESQ Cap., LLC v. Skoczkowski,*
    2018 WL 1833989 (W.D. Tex. Mar. 7, 2018) ....................................... 10

*Fire & Police Pension Ass'n of Colorado v. Bank of Montreal,*
    368 F. Supp. 3d 681(S.D.N.Y. 2019),
    *appeal withdrawn,* 2019 WL 5106707 (2d Cir. July 29, 2019)............ 16

*First Union Bank v. Paribas,*
    135 F. Supp. 2d 443 (S.D.N.Y. 2001).................................................8, 9

*Goodyear Dunlop Tires Operations S.A. v. Brown,*
    131 S. Ct. 2846 (2011) ...........................................................................21

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) ............................................................... 10, 12, 14

*Hetchkop v. George Harms Excavating Corp.,*
    1993 WL 88106 (S.D.N.Y. Mar. 26, 1993)............................................ 19

*Howe v. Goldcorp Invests., Ltd.,*
    946 F.2d 944 (1st Cir. 1991),
    *cert. denied,* 502 U.S. 1095 (1992) ........................................ 10, 11, 16

*In re iAnthus Cap. Holdings, Inc. Secs. Litig.,*
    2022 WL 4539119 (S.D.N.Y. Sept. 28, 2022) ...................................... 10

*Iragorri v. United Techs. Corp.,*
    274 F.3d 65 (2d Cir. 2001) ...................................................................5, 6

*JDM Import Co. v. Shree Ramkrishna Exports Pvt., Ltd.,*
    2021 WL 5450237 (S.D.N.Y. Nov. 19, 2021).......................................20

*Justen-Marks Manuf., Ltd. v. Soft Things, Inc.,*
    2009 WL 10706038 (E.D.N.Y. Mar. 19, 2009).....................................20

*Kingstown Cap. Mgmt., L.P. v. Vitek,*
    2022 WL 3970920 (2d Cir. Sept. 1, 2022) ............................... 5, 6, 8, 9

*Kirch v. Liberty Media Corp.,*
    2006 WL 3247363 (S.D.N.Y. Nov. 8, 2006).............................................7

*L-7 Designs, Inc. v. Old Navy, LLC,*
    647 F.3d 419 (2d Cir. 2011) .....................................................................3

*Laba v. JBO Worldwide Supply Pty. Ltd.*,
2022 WL 252658 (S.D.N.Y. Jan. 26, 2022) ...................................................18

*Labatt Ltd. v. Onex Corp.*,
890 F. Supp. 235 (S.D.N.Y. 1995) ..............................................................10

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
673 F.3d 50, 59-60 (2d Cir.),
732 F.3d 161 (2d Cir.),
*cert. ques. answered sub nom*, 20 N.Y.3d 327 (2012) ........................... 16, 17, 21

*Lindner Fund, Inc. v. Polly Peck Int'l PLC*,
143 B.R. 807 (S.D.N.Y. 1992) ...................................................................15

*Magi XXI, Inc. v. Stato Della Cita del Vaticano*,
714 F.3d 714 (2d Cir. 2013) .........................................................................5

*Marie v. Altshuler*,
30 A.D.3d 271 (1st Dep't 2006) .................................................................21

*Martinez v. Bloomberg LP*,
740 F.3d 211 (2d Cir. 2014) ..........................................................................6

*In re Arb. Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*,
311 F.3d 488 (2d Cir. 2002) ..........................................................................7

*Morrison v. Nat'l Australia Bank Ltd.*,
561 U.S. 247 (2010) ..............................................................................22, 23

*Nat'l Tel. Directory Consultants, Inc. v. Bellsouth Advert. & Publ'g Corp.*,
25 F. Supp. 2d 192 (S.D.N.Y. 1998) ...........................................................19

*Niv v. Hilton Hotels Corp.*,
710 F. Supp. 2d 328 (S.D.N.Y. 2008),
*aff'd*, 358 F. App'x 282 (2d Cir. 2009) .......................................................5, 7

*Norex Petro. Ltd. v. Access Indus., Inc.*,
416 F.3d 146 (2d Cir. 2005) ..........................................................................5

*Owens v. Turkiye Halk Bankasi A.S.*,
2021 WL 638975 (S.D.N.Y. Feb. 16, 2021) ................................................14

*Otor, S.A. v. Credit Lyonnais, S.A.*,
2006 WL 2613775 (S.D.N.Y. Sept. 11, 2006) ......................................6, 15, 25

*Palacios v. Coca-Cola Co.*,
757 F. Supp. 2d 347 (S.D.N.Y. 2010),
*aff'd* 499 F. App'x 54 (2d Cir. 2012) ..........................................................14

*Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*,
    763 F.3d 198 (2d Cir. 2014) ................................................................. 23

*Paterno v. Laser Spine Inst.*,
    24 N.Y.3d 370 (2014) ......................................................................... 17

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010) ................................................................. 16

*Philips v. Audio Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007) ............................................................... 24

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ............................................................. 6, 9, 11, 12

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) ................................................................ 5, 9

*Pramer S.C.A. v. Abaplus Int'l Corp.*,
    76 A.D.3d 89 (1st Dep't 2010) .............................................. 19, 20, 21

*Raad v. Bank Audi S.A.L.*,
    2021 WL 4482285 (S.D.N.Y. Sept. 29, 2021) ...................................... 5

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*,
    15 F. Supp. 3d 409 (S.D.N.Y. 2014) .................................................. 19

*RIGroup LLC v. Trefonisco Mgmt. Ltd.*,
    949 F. Supp. 2d 546, 551-52 (S.D.N.Y. 2013),
    *aff'd*, 559 F. App'x 58 (2d Cir. 2014) ............................................. 6, 8-9

*RJR Nabisco, Inc. v. European Cmty.*,
    579 U.S. 325 (2016) ........................................................................... 25

*In re Royal Grp. Techs. Sec. Litig.*,
    2005 WL 3105341 (2d Cir. Nov. 21, 2005) ........................................ 10

*Ryer v. Harrisburg Kohl Bros.*,
    307 F. Supp. 276 (S.D.N.Y. 1969)........................................................ 7

*Saud v. PIA Invests. Ltd.*,
    2007 WL 4457441 (S.D.N.Y. Dec. 14, 2007) .................................. 5, 11

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ............................................................................. 5

*Stand. Wine & Liquor Co. v. Bombay Spirits Co.*,
    20 N.Y.2d 13 (1967) ........................................................................... 19

*Storch v. Vigneau,*
   162 A.D.2d 241 (1st Dep't 1990) ........................................................... 19

*Sybron Corp. v. Wetzel,*
   46 N.Y.2d 197 (1978) ............................................................................. 19

*Thorne v. Am. Dairy Queen Corp.,*
   2020 WL 6063584 (S.D.N.Y. Oct. 14, 2020) .......................................... 3

*Transunion Corp. v. PepsiCo, Inc.,*
   811 F.2d 127 (2d Cir. 1987) .................................................................. 15

*Trimarco v. Edwards,*
   183 A.D.3d 402 (1st Dep't 2020) ........................................................... 17

*Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Mass., Inc.,*
   42 F. Supp. 2d 327 (S.D.N.Y. 1999) ................................................. 18-19

*USA Sevens LLC v. World Rugby Ltd.,*
   191 A.D.3d 620 (1s Dep't 2021) ............................................................ 20

*USHA (India), Ltd. v. Honeywell Int'l, Inc.,*
   421 F.3d 129 (2d Cir. 2005) .................................................................... 8

*Van Keulen v. Cathay Pacific Airways, Ltd.,*
   2002 WL 31521785 (Cal. Ct. Appeal, Nov. 14, 2002) .......................... 15

*Wamai v. Indus. Bank of Korea,*
   2021 WL 3038402 (S.D.N.Y. July 14, 2021) .......................................... 8

*Wenzel v. Marriott Int'l, Inc.,*
   2014 WL 6603414 (S.D.N.Y. Nov. 17, 2014),
   *aff'd,* 629 F. App'x 122 (2d Cir. 2015) ................................................. 7

*Wyser-Pratte Mgmt. Co. v. Babcock Borsig AG,*
   23 A.D.3d 269 (1st Dep't 2005) ............................................................ 20

**RULES**

15 U.S.C. § 78j(b) (Section 10(b)) .............................................. 2, 22, 23

CPLR § 302(a) ............................................................................... 17

CPLR § 302(a)(1) ................................................................ 17, 19, 21

CPLR § 302(a)(2) ..................................................................... 17, 19

CPLR § 302(a)(3) ..................................................................... 17, 19

CPLR § 327(a)..................................................................................................2

CPLR § 3211(a)(8) ...........................................................................................2

Fed. R. Civ. P. 4(k)(1)(A) ...............................................................................17

Fed. R. Civ. P. 12(b)(1)..............................................................................24, 25

Fed. R. Civ. P. 12(b)(2).........................................................................1, 16, 25

Fed. R. Civ. P. 12(b)(3)..............................................................................24, 25

Fed. R. Civ. P. 12(b)(6).........................................................................1, 22, 25

Defendants Altum Pharmaceuticals Inc. ("Altum"), BetterLife Pharma Inc. ("BetterLife"), and Ahmad Doroudian ("Doroudian") (collectively, "Defendants") submit this memorandum of law, together with the accompanying Declaration of Ahmad Doroudian, dated November 15, 2022 ("Doroudian Declaration/ Decl."), in support of their motion to dismiss the Complaint filed by Plaintiff Nancy Miller-Rich ("Plaintiff" or "Miller-Rich").[1]

For the reasons set forth herein, the Court should enter an Order: (i) dismissing the Complaint, in its entirety, (a) on *forum non conveniens* grounds, and (b) for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); (ii) dismissing the Complaint's first, second, third, and fifth causes of action, pursuant to Fed. R. Civ. P. 12(b)(6); (iii) dismissing the Complaint's third, fifth, and sixth causes of action, for lack of subject-matter jurisdiction and improper venue, pursuant to Fed. R. Civ. P. 12(b)(1) and (3); and/or (iv) granting such further relief – including legal fees – as the Court deems just and proper.

## PRELIMINARY STATEMENT

Plaintiff's claims should not – and cannot – be adjudicated here. Plaintiff, an alleged New York resident, has brought actions – in both state and federal court – against residents of Vancouver, British Columbia. Plaintiff's claims center on allegations that Defendants undertook allegedly wrongful activities *solely in British Columbia*, implicating the laws and policies *solely of Canada*. Because, therefore, Plaintiff's claims have no nexus with New York, they should be dismissed, in their entirety, on *forum non conveniens* grounds (*see* Section I, *infra*) and for lack of personal jurisdiction (*see* Section II, *infra*). Thus, the grounds for dismissal are as compelling as they are simple and straightforward.

---

[1]     In early March 2022, Altum formally changed its name to MedMelior Inc. For purposes of this motion and memorandum of law, however, all references are to Altum. (Doroudian Decl. at ¶ 1 n.1.)

What's more, certain of Plaintiff's separate causes of action should be dismissed because they do not concern a domestic (U.S.) transaction, as required to invoke Section 10(b) liability under Section 10(b), 15 U.S.C. § 78j(b) (*see* Point III*, infra*) and/or because an exclusive forum-selection clause mandates that certain of Plaintiff's claims must be adjudicated in British Columbia (*see* Point IV, *infra*).

For all these reasons – and principally because Plaintiff's claims should be adjudicated before a court of competent jurisdiction in British Columbia – the Court should enter an Order dismissing the Complaint and granting such further relief – including legal fees – as the Court deems just and proper.

## PROCEDURAL HISTORY

On August 25, 2021, Plaintiff commenced an action in the Supreme Court of the State of New York, County of New York, captioned *Miller-Rich v. Altum Pharmaceuticals Inc., et al.* (Sup. Ct., N.Y. Cnty. Index No. 655172/2021) (the "State Court Action"), by filing a Summons with Notice. On February 17, 2022, Plaintiff filed an Amended Verified Complaint, purporting to add an additional Defendant as a party to the action. (Doroudian Decl. at ¶ 4, Exh. A.)

On March 7, 2022, Defendants moved to dismiss Plaintiff's Amended Verified Complaint on *forum non conveniens* grounds, pursuant to CPLR § 327(a), and for lack of personal jurisdiction, pursuant to CPLR § 3211(a)(8). (Doroudian Decl. at ¶ 7.) On April 29, 2022, Plaintiff opposed the motion, submitting a short (*i.e.*, 3.5-page) affirmation, arguing that the state court lacked subject-matter jurisdiction over her federal claims and that the State Court Action should be stayed in favor of this (federal) action. (*Id.*) On the same day Plaintiff purported to oppose the motion in the State Court Action, Plaintiff commenced this action. (*Id.* at ¶ 8.)

## **FACTUAL BACKGROUND**

Although a court must assume the truth of any well-pleaded allegations, it need not credit legal conclusions or "facts 'contradicted by more specific allegations or documentary evidence.'" *Thorne v. Am. Dairy Queen Corp.*, 2020 WL 6063584, at * 2 (S.D.N.Y. Oct. 14, 2020), *quoting*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). The following facts are taken from the allegations in the Complaint – which are considered true solely for purpose of this motion – as well as from the Doroudian Declaration.

In her Complaint (at ¶ 2), Plaintiff asserts she is a resident of New York. Notwithstanding this assertion: (i) at no time prior to the commencement of this action did Plaintiff inform Defendant Doroudian (or Defendants Altum or BetterLife) that Plaintiff resided in New York (Doroudian Decl. at ¶ 6); and, instead (ii) at all relevant times, Plaintiff indicated to Defendants that she was located in New Jersey, and not in New York (*id.* at ¶¶ 30-45; Exhs. C, D, E, F, G, H, I, J, K, L, M).[2] By contrast, Plaintiff alleges that: (a) each of Defendants Altum and BetterLife is "a corporation formed under the laws of Canada," with an office located in Vancouver, British Columbia (Complaint at ¶¶ 3, 4; *see also* Doroudian Decl. at ¶¶ 15, 16); and (ii) Defendant Doroudian is an individual with an address in Vancouver, British Columbia (Complaint at ¶ 5; *see also* Doroudian Decl. at ¶ 9).

Shares in Altum and BetterLife are issued from Canada, subject to the (Canada) Business Corporations Acts. (Doroudian Decl. at ¶ 17, Exh. M at 4-7.) Neither Altum nor BetterLife: (i) has – or has ever had – any directors, officers, employees, or consultants located in New York (*id.* at ¶ 18); (ii) holds – nor has ever held – any licenses or registrations in New York (*id.* at ¶ 19); (iii) has done any business in New York and, specifically, has not executed any agreements

---

[2]      All citations to the "Complaint" refer to the Doroudian Declaration, Exh. B.

3

with New York-based individuals or corporations (*id.* at ¶ 20); (iv) has – nor has ever had – a lease for an office in New York or any other property located in New York (*id.* at ¶ 21); (v) has done – nor has ever done – business, financing, or pharmaceutical activities in New York (*id.* at ¶ 22); (vi) files tax returns in New York, has appointed an agent for service of process in New York, or has received or paid any utility bills from the State of New York (*id.* at ¶ 23); and (vii) maintains any business records, or any other documents, in New York (*id.* at ¶ 24).

Similarly, Defendant Doroudian has never lived or worked in New York. (Doroudian Decl. at ¶ 10.) He does not maintain an apartment (or any other home), nor does he own any real estate, in New York. (*Id.*) Doroudian does not maintain any business records, or any other documents, in New York. (*Id.* at ¶ 11.) During a typical year, he travels to New York, at most, a couple of times, to attend business conferences and meetings, as well as for leisure. (*Id.* at ¶ 12; *see also id.* at ¶¶ 25-29.) Doroudian has not done any personal business in New York and, to the extent he has done any business in New York – something that Doroudian generally denies – he has done so solely on behalf of Altum and/or BetterLife. (*Id.* at ¶ 13.)

At the same time that Defendants' contacts with New York are limited or non-existent, Plaintiff's allegations of Defendants' connections with New York are, at best, minimal. Specifically, Plaintiff's allegations are limited to the claims that "Defendant Doroudian . . . in June 2018 . . . sought [Plaintiff] out at the Jeffries Healthcare Conference in New York City" (Complaint at ¶ 18) and that "Doroudian was looking to New York Venture Capital firms, bankers and pharmaceutical investors to underwrite" certain of Altum's business (*id.*). Although Plaintiff makes a handful of other averments regarding New York (*e.g.*, Complaint at ¶¶ 21-24), they concern only Plaintiff's activities, and not those of Defendants.

# ARGUMENT

## I.

### THE COURT SHOULD DISMISS THIS ACTION
### UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*.

The common-law doctrine of *forum non conveniens* permits a court to dismiss a claim "even if the court is a permissible venue with proper jurisdiction over the claim."[3] *Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 238-39 (2d Cir. 2004) (quotation omitted). "The decision to dismiss a case on forum non conveniens grounds lies wholly within the broad discretion of the district court . . . ." *Kingstown Cap. Mgmt., L.P. v. Vitek*, 2022 WL 3970920, at *2 (2d Cir. Sept. 1, 2022), quoting, *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In exercising its discretion, the district court is guided by a three-step process: "***first***, 'a court determines the degree of deference properly accorded the plaintiff's choice of forum'; ***second***, the court considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute'; and ***third***, the court 'balances the private and public interests implicated in the choice of forum.'" *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2 (emphases added), quoting, *Norex Petro. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005); *see also Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003).

---

[3] "Courts may decide motions based on *forum non conveniens* grounds before addressing questions of personal jurisdiction." *Raad v. Bank Audi S.A.L.*, 2021 WL 4482285, at *2 n.1 (S.D.N.Y. Sept. 29, 2021); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that "a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has . . . personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case"); *Magi XXI, Inc. v. Stato Della Cita del Vaticano*, 714 F.3d 714, 720-21 (2d Cir. 2013); *Ace Am. Ins. Co. v. Univ. of Ghana*, 2022 WL 3362193, at *2 (S.D.N.Y. Aug. 15, 2022); *Saud v. PIA Invests. Ltd.*, 2007 WL 4457441, at *2 (S.D.N.Y. Dec. 14, 2007).

"At bottom, the central focus of the forum-non-conveniens inquiry is *convenience*."
*Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2 (emphasis added), *citing*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). Here, considering the totality of the relevant circumstances, the overarching convenience considerations decisively dictate that this action should be dismissed on *forum non conveniens* grounds.[4]

### A.      Plaintiff's Choice of Forum Merits Only Minimal Deference.

In determining the requisite deference to be accorded a plaintiff's forum choice, a court employs a "sliding scale" to measure the degree to which that choice was "dictated by reasons that the law recognizes as valid." *Iragorri*, 274 F.3d at 71-72. As a result, deference should be accorded only where it is clear that the plaintiff or the action has a *bona fide* connection to the forum and the convenience considerations fall in favor of the lawsuit taking place in that selected forum. *See Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128-29 (2d Cir. 2022).

---

[4]      In pre-motion correspondence (ECF No. 32 at 1), Plaintiff identified a possible need for jurisdictional discovery. When deciding a motion on *forum non conveniens* grounds, however, "a district court normally relies solely on the pleadings and affidavits." *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2, *quoting*, *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014); *see also RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 559 F. App'x 58, 58 (2d Cir. 2014) (concluding "[b]ecause Russia provides a more-convenient forum, the district court . . . appropriately denied the plaintiffs' request for limited jurisdictional discovery"). In fact, only under exceptional circumstances will a court order "limited discovery." *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2 (emphasis added); *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2d Cir. 1978) (explaining "it is well established practice in the [SDNY] to decide [*forum non conveniens*] motions on affidavits"), *cert denied*, 449 U.S. 890 (1980).

"[D]iscovery is generally disfavored before the resolution of a forum-non-conveniens motion because 'requiring extensive investigation would defeat the purpose of the [] motion.'" *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2, *quoting*, *Piper Aircraft Co.*, 454 U.S. at 258. "So long as the parties 'provide enough information to enable the District Court to balance the parties' interests,' discovery is not necessary." *Id.*; *see also Otor, S.A.*, 2006 WL 2613775, at *6 (dismissing federal securities and supplemental claims on *forum non conveniens* grounds and denying plaintiffs' request for discovery). Here, because the Court has "sufficient information to decide [Defendants'] motion based on the pleadings and affidavits," *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2, the Court should decline to compel any discovery into the *forum non conveniens* issue, whether explicitly or implicitly (*i.e.*, by granting Defendants' motion).

The following *indicia* demonstrate that, here, Plaintiff's forum choice should receive minimal deference. **First**, the absence of any meaningful connection between the forum (*i.e.*, this District) and the actions giving rise to Plaintiff's causes of action reinforces that Plaintiff's choice was motivated by forum shopping and deserves minimal deference.[5] Where – as here – the operative facts occurred abroad (Complaint at ¶¶ 26, 28-29, 33-37, 39, 42-47, 52, 56, 61, 66, 69, 73, 76, 81, 88), a plaintiff's forum choice is not entitled to meaningful deference. *See Wenzel v. Marriott Int'l, Inc.*, 2014 WL 6603414, at *3 (S.D.N.Y. Nov. 17, 2014) (explaining that "many courts have held that where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight") (quotation omitted), *aff'd*, 629 F. App'x 122 (2d Cir. 2015).[6]

**Second**, unlike the earlier-filed proceeding pending in British Columbia (Doroudian Decl. at ¶ 50, Exh. O) – where a number of relevant persons already are parties (*i.e.*, Defendant Altum and Plaintiff) and where other potentially relevant persons are amenable to the court's jurisdiction – there are serious and genuine questions as to whether this Court may exercise

---

[5]     *See In re Arb. Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 499 (2d Cir. 2002) (explaining that, absent some substantial "link" between the parties or claims and the United States, "little deference need be given to the petitioner's choice of forum"); *Acosta v. JPMorgan Chase & Co.*, 219 F. App'x 83, 86 (2d Cir. 2007) (recognizing that plaintiffs "fail to allege a *bona fide* connection that justifies granting substantial deference to their choice of forum," where "the vast majority of the activities alleged in the complaint were committed by foreign nationals on foreign soil").

[6]     *See also Kirch v. Liberty Media Corp.*, 2006 WL 3247363, at *4 (S.D.N.Y. Nov. 8, 2006) ("conclud[ing] that the plaintiff's choice of this forum is not to be afforded great deference, in light of the inherently [foreign] nature of this dispute"); *Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 332 (S.D.N.Y. 2008) ("find[ing] that plaintiffs' lack of any connection to this forum, that no evidence or witnesses can be identified within this forum, that New York is not the only forum where plaintiffs can sue both defendants, and that there is an indication that plaintiffs engaged in forum shopping, moves plaintiffs' choice of forum down the sliding scale of deference"), *aff'd*, 358 F. App'x 282 (2d Cir. 2009); *Ryer v. Harrisburg Kohl Bros.*, 307 F. Supp. 276, 279 (S.D.N.Y. 1969) (explaining that the "presumption in favor of the plaintiff's choice of forum is not so rigidly applied . . . in a situation where the cause of action sued upon arose outside of that forum").

personal jurisdiction over Defendants.[7]  (*See* Point II, *infra*.)  Nor does the fact that Plaintiff is a United States citizen refute the *indicia* of forum shopping.  After all, the presumption in favor of a plaintiff's home forum only applies "[a]bsent a finding of forum shopping."  *Dattner v. Conagra Foods, Inc.*, 91 F. App'x 179, 180 (2d Cir. 2004).  Accordingly, courts in this district routinely refuse forum-choice deference to plaintiffs frustrated by foreign proceedings, even when those plaintiffs are based in the United States.[8]

*Finally*, even if Plaintiff's choice of forum were to be accorded some deference, dismissal on *forum non conveniens* grounds still would be appropriate in light of the decisive weight of the private- and public-interest factors.[9]  (*See* Point I(C), *infra*.)  Indeed, the "deference given to a resident's choice of home forum is not a guarantee against *forum non conveniens* dismissal."  *Carey*, 370 F.3d at 238-39; *see also RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 551-52 (S.D.N.Y. 2013) (observing "the Court of Appeals has long made clear

---

[7]     "This jurisdictional dispute in and of itself weighs against deferring to the plaintiffs' choice of forum."  *Wamai v. Indus. Bank of Korea*, 2021 WL 3038402, at *5 (S.D.N.Y. July 14, 2021); *see also Kingstown Cap. Mgmt., L.P*, 2022 WL 3970920, at *3 (affirming the district court's determination that the plaintiff's forum choice was entitled to "diminished deference," where, among other things, "the parties dispute whether the district court even has personal jurisdiction over all Defendants").

[8]     *See, e.g.*, *Kingstown Cap. Mgmt., L.P*, 2022 WL 3970920, at *3 (affirming denial of deference to a plaintiff that "has offices in Manhattan and is therefore, in some sense, at home"); *BFI Grp. Divino Corp. v. JSC Russian Aluminum*, 298 F. App'x 87, 91 (2d Cir. 2008) (weighing a plaintiff's "U.S. citizenship against" other factors – including "the fact that [plaintiff] chose to invest in [the alternate forum] – to deny "significant deference"); *First Union Bank v. Paribas*, 135 F. Supp. 2d 443, 448 (S.D.N.Y. 2001) (observing "the weaker the connection between a plaintiff's U.S. activities, *even those of a U.S. plaintiff*, and the events at issue in the lawsuit, the more likely it is that defendants attacking the plaintiff's choice of a U.S. forum will be able to marshal a successful challenge to that choice" (emphasis added)).

[9]     *See USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) ("[w]e have no need to inquire as to the proper level of deference that is due the plaintiffs . . . because we conclude that irrespective of the level of such deference, the balance of private and public interests weighs decisively in favor of adjudicating the case in the courts of India").

that there is no rigid rule of decision protecting U.S. citizen or resident plaintiffs from dismissal for *forum non conveniens*" (quotation omitted)), *aff'd*, 559 F. App'x 58 (2d Cir. 2014).

## B. British Columbia is an Adequate Alternative Forum.

To the extent any of Plaintiff's claims warrant judicial attention, the proper forum for the adjudication of those claims is British Columbia, Canada. An "alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute," *Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2, where: (i) the defendants are subject to service of process there; and (ii) the forum permits "litigation of the subject matter of the dispute," *Pollux Holding Ltd.*, 329 F.3d at 75. A forum will be considered inadequate only in "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory." *Piper Aircraft Co.*, 454 U.S. at 254 n.22.[10] Here, the courts of British Columbia readily satisfy these requirements.

As residents of British Columbia, each of Altum, BetterLife, and Doroudian are subject to service of process there. (Doroudian Decl. at ¶¶ 9, 15-16; Complaint at ¶¶ 3-5.) What's more, Plaintiff is not a complete stranger to British Columbia courts, having consented to their jurisdiction and now defending against an earlier-filed lawsuit, commenced by Altum, in Vancouver.[11] (*Id*. at ¶¶ 35-37, 47-49, 50; Exhs. F, N, O.)

---

[10] *See also DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 57 (2d Cir. 2000) (explaining that, in the *forum non conveniens* context, "[t]he mere fact that the foreign and home fora have different laws does not ordinarily make the foreign forum inadequate"), *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002); *First Union Bank*, 135 F. Supp. 2d at 448 (agreeing "there is little sense to allowing a U.S. citizen to haul a group of foreign defendants into a U.S. court on transactions having little or nothing to do with this country where there is an available foreign forum significantly better suited to handling this litigation in a prompt, efficient and effective manner").

[11] In her Settlement Agreement, Plaintiff agreed "irrevocably [to] attorn to the jurisdiction of the Courts [of British Columbia, Canada]" (Doroudian Decl., Exh. N at ¶ 9; *see also id*., Exh. B at 8) and, in her Resignation and Mutual Release, Plaintiff agreed "irrevocably [to] submit to the *exclusive* jurisdiction of the courts of British Columbia . . ." (*id*., Exh. N at Schedule C-1 at ¶ 10 (emphasis added)).

What's more, Canadian courts permit litigation of the subject-matter of this dispute. *See Howe v. Goldcorp Invests., Ltd.*, 946 F.2d 944, 945 (1st Cir. 1991) (Breyer, C.J.) (affirming *forum non conveniens* dismissal, in favor of Canadian forum, of private action claiming violation of anti-fraud securities statutes), *cert. denied*, 502 U.S. 1095 (1992); *In re iAnthus Cap. Holdings, Inc. Secs. Litig.*, 2022 WL 4539119, at *12 (S.D.N.Y. Sept. 28, 2022) (recognizing adequacy of Canadian courts to resolve securities-fraud claims).[12]  After all, "Canada is a sister common law jurisdiction with procedures akin to our own." *John Labatt Ltd.*, 890 F. Supp. at 249 (quotation omitted).

**C.**    **This Dispute Lacks a Sufficient Nexus With New York, and the Relevant *Gilbert* Factors Weigh In Favor of Dismissal.**

As then-Chief Judge Breyer concluded in *Howe*, "this case has a great deal to do with Canada." 946 F.2d at 953.  And, conversely, it has diminishingly little to do with New York.

> The underlying circumstances involve actions of a Canadian corporation, its directors, officers and advisors.  And the plaintiff's claims implicate duties the defendants owed to the corporation and its shareholders under Canadian law.  Thus, at least some significant portion of the adjudication of [Plaintiff's] case will involve tasks most easily and appropriately handled by a Canadian court:

---

[12]     *See also In re Royal Grp. Techs. Sec. Litig.*, 2005 WL 3105341, at *2 (2d Cir. Nov. 21, 2005) (affirming adequacy of Ontario forum to resolve securities-fraud claims); *DiRienzo*, 232 F.3d at 57-60 (same); *John Labatt Ltd. v. Onex Corp.*, 890 F. Supp. 235, 249 (S.D.N.Y. 1995) (observing that, because "any questions regarding the validity of [defendant's] Offer can be – and are currently being – fully and fairly addressed under Canadian law by Canadian authorities . . . exercise of jurisdiction by this Court is not necessary to provide a forum in which to resolve issues that might arise in connection with the Offer"); *DeYoung v. Beddome*, 707 F. Supp. 132, 137-40 (S.D.N.Y. 1989) (recognizing propriety of dismissing securities claims on *forum non conveniens* grounds in favor of previously filed Canadian litigation); *ESQ Cap., LLC v. Skoczkowski*, 2018 WL 1833989, at *6 (W.D. Tex. Mar. 7, 2018) (dismissing, on *forum non conveniens* grounds, fraud claims related to stock transaction, in favor of adjudication in Ontario); *Chazen v. Deloitte & Touche, LLP*, 247 F. Supp. 2d 1259, 1266 (N.D. Ala. 2003) (acknowledging adequacy of Ontario forum to resolve securities-fraud claims), *aff'd in relevant part*, 2003 WL 24892029 (Dec. 12, 2003); *In re Coral Corp. Inc. Secs. Litig.*, 147 F. Supp. 2d 363, 365 (E.D. Pa. 2001) (same).

interpreting primarily Canadian law and applying it to matters principally of concern to Canada and Canadians.

*Id.* at 951, 953 (noting that "the relevant actions, statements and omissions that underlie the plaintiff's claims of 'misrepresentation' or 'fraud' originated in Canada"), *citing*, *Piper Aircraft*, 454 U.S. at 260-61; *see also Aenergy, S.A.*, 31 F.4th at 134 (affirming dismissal, noting "this case has little to do with New York and a lot to do with Angola " (quotation omitted)).

Here, Plaintiff's allegations that Defendant Doroudian met with Plaintiff in New York (Complaint at ¶ 18), that "Doroudian was looking to New York Venture Capital firms, bankers and pharmaceutical investors to underwrite" certain of Altum's business (*id.*), and that, "at a meeting . . . [Doroudian] aggressively recruited [Plaintiff] to assist with Altum's efforts to gain funding for the development of its two pipeline products for the U.S. market" (*id.* at ¶ 19), do not establish a sufficient nexus with New York. Among other things, those allegations have nothing to do with Plaintiff's allegations of wrongdoing. *Howe*, 946 F.2d at 952-32 (noting that "this case, except for the presence of an American shareholder, has little to do with [the district-court forum] or any other jurisdiction in the United States").[13]

---

[13]    *See also Acosta*, 219 F. App'x at 86 (observing that "[t]he connections to the United States alleged by plaintiffs . . . are insubstantial in light of the fact that the vast majority of the activities alleged in the complaint were *committed by foreign nationals on foreign soil*" (emphasis added)); *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 1001 (2d Cir. 1993) (affirming dismissal where, among other things, "all of the [defendants'] allegedly fraudulent activity occurred in Australia"); *Saud*, 2007 WL 4457441, at *3 (granting *forum non conveniens* dismissal where, among other things, "[t]he transactions at issue . . . occurred abroad, as did the alleged wrongdoing on [the] part of the foreign defendants . . ."); *DeYoung*, 707 F. Supp. at 138 (granting *forum non conveniens* dismissal where, among other things, "[f]our of the five defendants . . . are domiciled in Canada" and "*[t]he acts of [defendant's] board challenged by plaintiffs took place in Canada*" (emphasis added)); *Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 122, 128 (S.D.N.Y. 1986) (concluding that the facts that "[plaintiff] is a United States corporation, and the initial discussions concerning the purchase of [an acquisition company's] shares took place in the United States . . . do not create a sufficient nexus between the action and this forum to support litigating this matter in the United States rather than in Israel").

Nor do Plaintiff's remaining allegations regarding New York – principally focused, as they are, on Plaintiff's own alleged conduct there (*see, e.g.*, Complaint at ¶¶ 21-24)[14] – create a cognizable nexus between this forum and this action. *See Diatronics, Inc.*, 649 F. Supp. at 128 n.11 (explaining that allegations that "[*plaintiff*] intended to market [an acquisition company's] product in the United States, and that the *plaintiff* attempted to obtain financial backing from United States investors," were insufficient to create a cognizable nexus for *forum non conveniens* purposes (emphases added)). Indeed, "the allegations in this action – that the [D]efendant[s] made certain misrepresentations and breached the relevant agreements – have little or no relationship to [P]laintiff's activities in the United States." *Id.*

## 1. The Private-Interest Factors Favor Dismissal.

In *Gulf Oil Corp. v. Gilbert*, the Supreme Court provided a list of private-interest factors to consider in determining whether the *forum non conveniens* doctrine should be applied, including: (i) the relative ease of access to sources of proof; (ii) the availability of witnesses, including a process for compelling attendance by unwilling witnesses and the cost of their attendance; (iii) the parties' ability to view a location that bears on the evidence; and (iv) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[15] 330 U.S. 501, 508 (1947); *see also Alfadda v. Fenn*, 159 F.3d 41, 46 (2d Cir. 1998).

---

[14] In her Complaint (at ¶ 21, *citing*, § 2.2 of the Employment Agreement (Doroudian Decl., Exh. F)), Plaintiff intimates that her Employment Agreement provided that "[s]he would continue to be based in lower Manhattan where she resided . . . ." The Employment Agreement, however, contains no such representation.

[15] Because the Supreme Court repeatedly has "refused to identify specific circumstances which will justify or require either a grant or denial of [the *forum non conveniens*] remedy," *Piper Aircraft Co.*, 454 U.S. at 249-50, these factors are non-exclusive and applied flexibly. Each case turns on its specific facts because, "[i]f central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable." *Id.*

Plaintiff's claims are predicated exclusively on Canadian acts by Canadian residents (Doroudian Decl. at ¶¶ 9-13, 15-24), including certain claims that Defendants allegedly violated Canadian law (*e.g.*, Complaint at ¶¶ 42, 44, 48, 52, 56, 61, 66, 72, 81-83, 88-90). With the sole exception of Plaintiff – who resides in either New York or New Jersey[16] (Complaint at ¶ 2; Doroudian Decl. at ¶¶ 6, 30-47, Exhs. C, D, E, F, G, H, I, J, K, L, M, N) – nearly all of the relevant witnesses and evidence are located in Canada (*id*. at ¶¶ 9, 16).[17] Neither Defendants Altum, BetterLife, nor Doroudian maintains any business records, or any other documents, in New York. (*Id*. at ¶¶ 11, 23.) Instead, any business records – or other documents that might in any way relate to Plaintiff's claims – that might be in Altum's or BetterLife's possession, custody, or control are located in British Columbia. (*Id*. at ¶ 23.) What's more, any judgment would have to be enforced in Canada.

Each of these facts and allegations weigh heavily in favor of dismissal. *See, e.g., Allstate Life Ins. Co.*, 994 F.2d at 1000-02 (affirming dismissal of securities action where alleged fraudulent activity took place in Australia, witnesses and other sources of proof were located in

---

16      The Second Circuit has cautioned courts not to accord residence or citizenship "talismanic significance." *Alcoa Steamship Co.*, 654 F.2d at 154. Although Defendants were aware that Plaintiff resided outside British Columbia and in the United States (Doroudian Decl., Exh. F at 1; *see generally id*., Exhs. C-E, G-N)), at no time prior to the commencement of this action did Plaintiff inform Defendants that she resided in New York (*id*. at ¶ 6). If, in fact, Plaintiff changed her residence from New Jersey to New York *after* executing the Employment and Settlement Agreements and *before* commencing both her State Court Action and this action, such a change does not create a sufficient nexus with New York or otherwise justify deference to her forum choice. *See Van Keulen v. Cathay Pacific Airways, Ltd.*, 2002 WL 31521785, at *7 (Cal. Ct. Appeal, Nov. 14, 2002) (affirming stay of action on *forum non conveniens* grounds, noting that "the fact that some plaintiffs here were not California residents *at the time that their claims arose*, but had become California residents by the time their action was filed, raises serious issues as to forum shopping and the bona fides of a newly acquired residency" (emphasis in original; citation omitted).

17      Aside from Plaintiff, the Complaint fails to identify any New York-based persons who might be in possession of admissible information or documents. If, of course, Plaintiff has documents in New York, she can make those documents available in British Columbia.

Australia, and any judgment would have to be enforced in Australia); *Owens v. Turkiye Halk Bankasi A.S.*, 2021 WL 638975, at *6 (S.D.N.Y. Feb. 16, 2021) (concluding that "the private interest factors weigh strongly in favor of litigating this case in Turkey," where "[t]he underlying facts in this litigation involve an alleged fraudulent scheme conducted in large part by a Turkish bank and its Turkish employees in Turkey" and "[t]he relevant evidence is largely in Turkey"); *Palacios v. Coca-Cola Co.*, 757 F. Supp. 2d 347, 361 (S.D.N.Y. 2010) (dismissing claims, on *forum non conveniens* grounds, where the concentration of evidence, the underlying acts, the personnel who allegedly organized the underlying acts, and the witnesses relevant to the claims, all were located in Guatemala), *aff'd* 499 F. App'x 54 (2d Cir. 2012).

### 2. The Public-Interest Factors Favor Dismissal.

A review of the *Gilbert* public-interest factors produces a similar result. Those factors include: (i) the familiarity of the courts with the governing law; (ii) the interest of any foreign nation in having the dispute litigated in its own courts; and (iii) the value of having local controversies litigated locally. 330 U.S. at 508-09 (cautioning "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation"); *see also Alfadda*, 159 F.3d at 46.[18]

If this case somehow were to proceed in this District, this Court will be called upon to interpret and apply foreign law. (Doroudian Decl., Exhs. F at ¶ 12.1, Exh. N at ¶ 9, Schedule C-1 at ¶10.) If this action is not dismissed, it would pose a substantial public burden on this Court. Indeed, there is a clear administrative advantage to having the pending case heard in British Columbia, where the underlying dispute arose and where the witnesses and evidence are located.

---

[18] In cases that touch the affairs of persons in an alternate forum – such as this one – "there is reason for holding the trial in their view and reach[,] rather than in remote parts of the [world] where they can learn of it by report only." *Gilbert*, 330 U.S. at 509.

Aside from Plaintiff's alleged residency, this case has no nexus with New York. Neither a New York court nor a New York jury has a sufficient interest in resolving a dispute against Canadian residents arising out of a business relationship based in British Columbia. New York has an insufficient interest to warrant imposing these burdens.

It also bears nothing that "[t]he fact that [P]laintiff[] ha[s] alleged claims based on the securities laws of this country is not compelling in th[e] [public-interest] analysis." *Otor, S.A. v. Credit Lyonnais, S.A.*, 2006 WL 2613775, at *5 (S.D.N.Y. Sept. 11, 2006). The Second Circuit has "never held that the United States' interest in applying its laws is a determinative factor to be considered in weighing convenience." *Cap. Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 611 (2d Cir. 1998); *see also Alfadda*, 159 F.3d at 46-49 (affirming *forum non conveniens* dismissal of securities law claims in favor of French forum even though the United States has a general interest in enforcing its own securities laws); *Allstate Life Ins. Co.*, 994 F.2d at 1002 (explaining that, although the "United States Courts have an interest in enforcing United States securities laws, this alone does not prohibit them from dismissing a securities action on the ground of forum non conveniens").[19]

"Merely because [Plaintiff] allege[s] securities fraud violations does not preclude [this] court from exercising its discretion to dismiss the action on the ground of forum non conveniens." *Alfadda v. Fenn*, 966 F. Supp. 1317, 1332 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d

---

[19]     *See also Cruz v. Maritime Co. of Philippines*, 702 F.2d 47, 48 (2d Cir. 1983) (holding that the *forum non conveniens* doctrine was applicable in cases governed by the Jones Act, despite special venue provision); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir. 1987) (upholding dismissal of RICO action, on *forum non conveniens* grounds, without suggesting the district court should have considered the United States' interest in the application of that statute); *Lindner Fund, Inc. v. Polly Peck Int'l PLC*, 143 B.R. 807, 809-10 (S.D.N.Y. 1992) (dismissing securities action in favor of English proceedings, noting that "deference may be given to foreign bankruptcy proceedings where the American suit is based on United States securities laws").

Cir. 1998); *see also Howe*, 946 F.2d at 945 (explaining that "federal courts possess the power to invoke the forum non conveniens doctrine in a private action claiming a violation of American anti-fraud securities statutes").

## II.

### THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS (Fed. R. Civ. P. 12(b)(2)).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2012) (quotation omitted). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018), *quoting*, *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010).

To survive dismissal for lack of personal jurisdiction, a plaintiff must show, among other things, that: (i) there is "a statutory basis for personal jurisdiction;" and (ii) "the exercise of personal jurisdiction . . . comport[s] with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012), *cert. ques. answered sub nom*, 20 N.Y.3d 327 (2012). Here, because Plaintiff fails to make – because she cannot make – these *prima facie* showings, the Court lacks personal jurisdiction and the case must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).[20]

---

[20] As with the issues related to the *forum non conveniens* analysis (*see* 6, n.4 *supra*), Plaintiff's speculation that she may need jurisdictional discovery is unfounded. Jurisdictional discovery is not available based on pure speculation, such as Plaintiff proffers here. Courts in this Circuit "routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction." *Fire & Police Pension Ass'n of Colorado v. Bank of Montreal*, 368 F. Supp. 3d 681, 701 (S.D.N.Y. 2019), *appeal withdrawn*, 2019 WL 5106707 (2d Cir. July 29, 2019) (quotation omitted); *see also Am. Girl, LLC v.*

## A. There is No Statutory Basis For Personal Jurisdiction.

In the Complaint (at ¶ 13), Plaintiff asserts that "[t]his Court has *in personam* jurisdiction over [D]efendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would be subject to the jurisdiction of the courts of general jurisdiction of New York State where this court is located" and that "[s]uch jurisdiction lies under the long-arm provision of CPLR § 302(a)(1)-(3)." But Plaintiff fails to substantiate – because she cannot substantiate – these allegations.[21]

*First*, pursuant to CPLR § 302(a)(1), a New York court may only exercise personal jurisdiction over a nondomiciliary if he, she, and/or it has purposefully transacted business within the state and there is "a substantial relationship between the transaction and the claim asserted." *Coast to Coast Energy, Inc. v. Gasarch*, 149 A.D.3d 485, 486 (1st Dep't 2017), *quoting*, *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 376 (2014); *see also Trimarco*, 183 A.D.3d 402, 403 (1st Dep't 2020) (affirming dismissal, under CPLR § 302(a)(1), where "[t]he alleged New York contacts were not substantially related to the loan agreement and dispute over payment at issue . . . to support the exercise of personal jurisdiction").[22]

---

*Zembrka*, 2021 WL 1699928, at *8 (S.D.N.Y. Apr. 28, 2021) (denying plaintiff's request for jurisdictional discovery where such discovery "would not *supplement* a colorable claim, but instead would seek to *create* a claim that jurisdiction is appropriate here" (emphasis added)).

[21] In order to determine whether the Defendants are "subject to the jurisdiction of a court of general jurisdiction in the state where the district is located," Fed. R. Civ. P. 4(k)(1)(A), a court in this District must look to New York law, *Licci ex rel. Licci*, 673 F.3d at 59-60. Here, Plaintiff does not allege that Defendants are subject to general personal jurisdiction in New York, CPLR § 301; but instead, Plaintiff alleges jurisdiction under New York's long-arm statute, CPLR § 302(a).

[22] To constitute purposeful activity, the nondomiciliary must act in a way to "avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Coast to Coast Energy, Inc.*, 149 A.D.3d at 486. Plaintiff must allege facts beyond "vague, conclusory, and unsubstantiated allegations [which] do not suffice to establish long-arm jurisdiction." *Id.* at 488-87; *see also Cotia (USA) Ltd. v. Lynn Steel Corp.*, 134 A.D.3d 483, 484 (1st Dep't 2015).

New York courts rely on a multi-factor test to analyze: (i) whether the defendant has an on-going contractual relationship with a New York person or corporation; (ii) whether the defendant negotiated or executed the contract in New York and whether the defendant visited New York after executing the contract; (iii) whether there is a choice-of-law clause in any such contract; and (iv) whether the contract requires the defendant to send notices or payments into the forum state or subjects the defendant to supervision in the forum state. *See, e.g., Commc'n Partners Worldwide, Inc. v. Main St. Res.*, 2005 WL 1765712, at *3 (S.D.N.Y. July 26, 2005); *Agency Rent a Car Sys. Inc. v. Grand Rent a Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).

Because Plaintiff alleges little more than that Defendant Doroudian "sought [her] out . . . in New York City" and "was looking to New York Venture Capital firms, bankers and pharmaceutical investors to underwrite [Altum's] efforts to obtain FDA approval for [one of Altum's products] and to market [another product]" (Complaint at ¶ 18), Plaintiff fails every element of this four-part test. In fact, Plaintiff not only fails to establish that Defendants transacted business in New York but also does not allege the necessary relationship between her breach-of-contract claims and the vague, purported connection with New York. *See Laba v. JBO Worldwide Supply Pty. Ltd.*, 2022 WL 252658, at *1 (S.D.N.Y. Jan. 26, 2022) (dismissing third-party complaint for lack of personal jurisdiction where defendants did not operate in New York, were not New York residents, did not own property or conduct regular business in New York, and defendants twice traveled to New York).[23]

---

[23] Beyond Plaintiff's own alleged presence in New York, Plaintiff does not claim that her agreements with Defendant Altum (Doroudian Decl., Exhs. F, N; *see also id.*, Exhs. C, E, L) have any connection with New York whatsoever. In fact, a veritable "mountain" of evidence establishes that, at all relevant times, Plaintiff indicated to Defendants that she was located in New Jersey, and not in New York. (*Id.* at ¶¶ 30-47; Exhs. C, D, E, F, G, H, I, J, K, L, M.) Under New York law, the fact that a plaintiff just happened to be living in New York at the time she signed an agreement cannot establish jurisdiction over a defendant. *See, e.g., Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Mass., Inc.*, 42 F. Supp. 2d 327, 327 (S.D.N.Y. 1999) (finding no personal jurisdiction over out-of-state defendant who negotiated and executed an

**Second**, nor is there jurisdiction based on "tortious act[s] within the state," under CPLR § 302(a)(2). Generally, a "defendant's physical presence in New York is a prerequisite to jurisdiction under CPLR § 302(a)(2)." *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 418 (S.D.N.Y. 2014). As such, a complaint will be dismissed where – as here – it "do[es] not allege a single tortious act that defendant committed within New York." *Storch v. Vigneau*, 162 A.D.2d 241, 242 (1st Dep't 1990).

**Finally**, as regards Plaintiff's claim to *in personam* jurisdiction, pursuant to CPLR § 302(a)(3), "[t]he injuries allegedly suffered by the [P]laintiff in New York are clearly remote from the alleged tortious conduct and are merely the result of [her] domicile in the State." *Davidson Extrusions, Inc. v. Touche Ross & Co.*, 131 A.D.2d 421, 423 (2d Dep't 1987), *citing*, *Sybron Corp. v. Wetzel*, 46 N.Y.2d 197 (1978) *and Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir. 1971); *see also Pramer S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d 89, 97 (1st Dep't 2010) (explaining, "for commercial torts causing economic damages, losses within New York will be necessary to establish a jurisdictional predicate"); *Cooperstein v. Pan-Oceanic Marine, Inc.*, 124 A.D.2d 632, 633-34 (2d Dep't 1986) (holding that, for purposes of personal jurisdiction under CPLR § 302(a)(3), "there must be a more direct injury within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled [in New York]").

---

agreement out-of-state and sent it to plaintiff for execution in New York); *Nat'l Tel. Directory Consultants, Inc. v. Bellsouth Advert. & Publ'g Corp.*, 25 F. Supp. 2d 192, 192 (S.D.N.Y. 1998) (finding no personal jurisdiction over defendant where plaintiffs signed agreement in New York and defendants signed elsewhere); *Hetchkop v. George Harms Excavating Corp.*, 1993 WL 88106, at *3 (S.D.N.Y. Mar. 26, 1993) (same); *see also Stand. Wine & Liquor Co. v. Bombay Spirits Co.*, 20 N.Y.2d 13, 16 (1967) (distribution agreement with New York party does not satisfy CPLR § 302(a)(1) where defendant "maintains no offices" and undertakes no other "activities" in New York).

Put simply, "the fact that the Plaintiff[] [is] domiciled in New York is not sufficient to confer personal jurisdiction over Defendants." *JDM Import Co. v. Shree Ramkrishna Exports Pvt., Ltd.*, 2021 WL 5450237, at *6 (S.D.N.Y. Nov. 19, 2021); *see also USA Sevens LLC v. World Rugby Ltd.*, 191 A.D.3d 620, 620 (1st Dep't 2021) (concluding that "the original critical events did not occur in New York, and the fact that plaintiffs may have suffered economic loss in New York is an insufficient basis upon which to base personal jurisdiction").

In particular, where the alleged tort consists of fraud or misrepresentation, such as here:

> [A] plaintiff must take action in New York in reliance on a defendant's fraud or misrepresentation for the tort to have occurred in New York; the fraud or misrepresentation does not occur in New York simply because the defendant made an out-of-state misrepresentation and the plaintiff loses money in New York."

*Justen-Marks Manuf., Ltd. v. Soft Things, Inc.*, 2009 WL 10706038, at *10 n.9 (E.D.N.Y. Mar. 19, 2009). Notably, Plaintiff fails to allege that she took action in reliance on any alleged fraud or misrepresentation; nor does Plaintiff allege any direct injury within New York, resulting from any allegation other than that Plaintiff resides in New York. *See JDM Import Co.*, 2021 WL 5450237, at *6; *Davidson Extrusions, Inc.*, 131 A.D.2d at 423; *Cooperstein*, 124 A.D.2d at 633-34. As such, there exists "an insufficient basis upon which to base personal jurisdiction." *USA Sevens LLC*, 191 A.D.3d at 620.

In as much as Plaintiff purports to salvage jurisdiction by means of her theory of conspiracy to commit fraud (*e.g.*, Complaint at ¶¶ 32-34, 44-45, 49), such a theory fails. "[T]he mere conclusory claim that an activity is a conspiracy does not make it so." *Pramer S.C.A.*, 76 A.D.3d at 97, *citing*, *Lamarr v. Klein*, 35 A.D.2d at 248; *see also Wyser-Pratte Mgmt. Co.*, 23 A.D.3d at 270 (concluding that "[w]hile plaintiff purports to allege that . . . defendants conspired to perpetrate a fraud either through agents within New York (see CPLR 302[a][2]) or by causing

injury in New York (CPLR 302[a][3]), plaintiff's allegations of conspiracy and agency are wholly inadequate to set forth the requisite jurisdictional predicate").

In any event, Plaintiff does not allege – because she cannot allege – that any so-called "conspiracy" took place in New York or that "the alleged coconspirators knew their act would have an [e]ffect in New York." *Id.*, *citing*, *Marie v. Altshuler*, 30 A.D.3d 271, 272 (1st Dep't 2006). Defendants' alleged actions took place solely in British Columbia, and not in New York. *See Pramer S.C.A.*, 76 A.D.3d at 97 (concluding that, "[s]imply put, without any presence, business, contacts or sales in New York . . . plaintiff has not suffered any injury here").

### B. The Exercise of Personal Jurisdiction Does Not Comport With Constitutional Due Process.

Even if the Court were to conclude that the state-law jurisdictional requirements somehow can be met, the Court's exercise of personal jurisdiction over Defendants is not consistent with the due-process protections provided by the United States Constitution. *See Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir. 2007) ("even if the New York Court of Appeals concludes that personal jurisdiction is proper under § 302(a)(1) of the New York long-arm statute, this Court must make the ultimate determination whether this jurisdiction satisfies constitutional due process"). "Due process considerations require that the defendant 'have certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Licci et rel Licci*, 732 F.3d at 169, *quoting*, *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Because Plaintiff asks the Court "to assert specific jurisdiction over the [D]efendants [(Complaint at ¶ 13)], the jurisdictional inquiry focuses on the 'affiliation between the forum and the underlying controversy.'" *Licci et rel Licci*, 732 F.3d at 169-70, *quoting*, *Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Here, Plaintiff's allegations – not to mention the relevant facts set forth in the Doroudian Declaration – fail to support any notion that Defendants had the "minimum contacts" necessary to support jurisdiction "where the [D]efendant[s] purposefully availed [themselves] of the privilege of doing business in [New York] and could foresee being haled into court there." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002). Nor would "the assertion of personal jurisdiction . . . comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

## III.

### THE COMPLAINT'S FIRST, SECOND, THIRD, AND FIFTH CAUSES OF ACTION FAIL TO STATE (SECURITIES) FRAUD CLAIMS (Fed R. Civ. P. 12(b)(6)).

Plaintiff's first, second,[24] and third causes of action must be dismissed because her claims do not concern a domestic (U.S.) transaction, as required to invoke Section 10(b) liability under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). What's more, her third and fifth causes of action fail to plead the requisite reliance element for (securities) fraud claims.

***First***, the Second Circuit has held that "transactions involving securities that are not traded on a domestic exchange are domestic if irrevocable liability is incurred or title passes within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67 (2d Cir. 2012).

Here, Defendants Altum and BetterLife are Canadian companies and Doroudian is a Canadian citizen/resident. (Doroudian Decl. at ¶¶ 9, 15-16; Complaint at ¶¶ 3-5.) Plaintiff received her shares – which were issued in Canada – pursuant to an Employment Agreement, governed by British Columbia law. (*Id.*, Exh. F at Exh. B, Exh. M.) In fact, Plaintiff retained

---

[24] On November 2, 2022, Plaintiff filed a Notice of Intent to Dismiss Federal Aiding and Abetting Claim (ECF No. 35), effectively dismissing Plaintiff's second cause of action. Out of an abundance of caution, however, Defendants address additional bases for its dismissal.

counsel in Vancouver to tender her shares in Altum in exchange for shares in BetterLife.  (*Id.* Exh. M.)  As such, Plaintiff's acquisition of shares did not involve a domestic transaction.

**Second**, in any event, "the claims in this case are so predominantly foreign as to be impermissibly extraterritorial."  *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 216 (2d Cir. 2014).  Here, the only domestic aspect of Plaintiff's claims is the fact that she was located in the United States.

Because the focus of Section 10(b) is "upon purchases and sales of securities in the United States," *Cavello Bay Reins. Ltd. v. Shubin Stein*, 986 F.3d 161, 166 (2d Cir. 2021), *quoting*, *Morrison*, 561 U.S. at 266 ("it is a rare case of prohibited extraterritorial application that lacks *all* contact with the territory of the United States" (emphasis in original)), and because "the conduct relevant to the focus occurred in a foreign country [*i.e.*, Canada][,] . . . the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory," *id.*, *quoting*, *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 337 (2016).

**Finally**, Plaintiff's third and fifth causes of action (for (securities) fraud against Altum and Doroudian) fail to state fraud claims because Plaintiff's allegation that she "relied on [D]efendants' representations in continuing to remain employed at Altum [and discharge her obligations under the Employment Agreement]" (Complaint at ¶¶ 62, 74) do not provide legally cognizable bases for the reliance element required to state a fraud claim.  After all, it would strain credulity for Plaintiff's purporting to comply with her contractual obligations to stand as a cognizable form of reliance sufficient to sustain a fraud claim.

## IV.

### THE COURT LACKS SUBJECT-MATTER JURISDICTION
### AND VENUE IS IMPROPER WITH RESPECT TO THE COMPLAINT'S
### THIRD, FIFTH, AND SIXTH CAUSES OF ACTION (Fed R. Civ. P. 12(b)(1) and (3)).

If the Court somehow declines to dismiss this action on *forum non conveniens* grounds (*see* Section I, *supra*) or for lack of personal jurisdiction (*see* Section II, *supra*), Plaintiff's third cause of action (securities fraud), fifth cause of action (fraud) and sixth cause of action (breach of contract), as stated against Defendants Altum and Doroudian, must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) and (3) (improper venue).

Contemporaneous with her execution of the Settlement Agreement on June 9, 2020, Plaintiff executed a Resignation and Mutual Release (the "Release"). (Doroudian Decl., Exh. N at Schedule C-1 at ¶¶ 3, 10.) In addition to releasing "any and all . . . causes of action" against Altum and/or Doroudian "arising out of any cause or matter that has occurred on or prior to the date hereof [*i.e.*, June 9, 2020]" (*id.* at ¶ 3), Plaintiff agreed: (i) that the Release would "be subject to, interpreted, construed and enforced in accordance with and under the laws of the Province of British Columbia and the laws of Canada applicable therein" (*id.*at ¶ 10); and (ii) "irrevocably [to] submit to the exclusive jurisdiction of the courts of British Columbia with respect to any matter arising hereunder or related hereto" (*id.*).

Accordingly, because federal courts enforce mandatory forum-selection clauses, and because Plaintiff's third, fifth, and sixth causes of action concern facts and circumstances prior to June 9, 2020, those causes of action must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1) and (3). *See Philips v. Audio Active Ltd.*, 494 F.3d 378, 383-387 (2d Cir. 2007).

## CONCLUSION

For all the foregoing reasons, Defendants Altum Pharmaceuticals Inc., BetterLife Pharma Inc., and Ahmad Doroudian respectfully request that the Court enter an Order: (i) dismissing the Complaint, in its entirety, (a) on *forum non conveniens* grounds, and (b) for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); (ii) dismissing the Complaint's first, second, third, and fifth causes of action, pursuant to Fed. R. Civ. P. 12(b)(6); (iii) dismissing the Complaint's third, fifth, and sixth causes of action, for lack of subject-matter jurisdiction and improper venue, pursuant to Fed. R. Civ. P. 12(b)(1) and (3); and/or (iv) granting such further relief – including legal fees – as the Court deems just and proper.[25]

Dated:  New York, New York
        November 15, 2022

**ALDOUS PLLC**

By:     /s/ Kenneth E. Aldous
           Kenneth E. Aldous

420 Lexington Avenue, Suite 300
New York, New York 10170-0399
(212) 856-7281 (tel)
(914) 645-6005 (mobile)
kaldous@aldouspllc.com

*Attorneys for Defendants
Altum Pharmaceuticals Inc.,
BetterLife Pharma Inc., and
Ahmad Doroudian*

---

[25] This action not only should be dismissed, but Defendants respectfully submit that the vexatious and oppressive nature of Plaintiff's multiple actions, resulting in "substantial and unnecessary legal expense," merits sanctions upon dismissal in the form of "the legal fees attributable to the defense of this action." *Otor, S.A.*, 2006 WL 2613775, at *6 (dismissing action on *forum non conveniens* grounds and awarding moving defendants legal fees).