UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY MILLER-RICH,<br><br>        Plaintiff,<br><br>   -against-<br><br>ALTUM PHARMACEUTICALS INC., et al.,<br><br>        Defendants. | Case No. 1:22-cv-03473 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  On April 28, 2022, Plaintiff filed the original complaint in this action. *See* ECF Nos. 1, 6. On June 28, 2022, the Court entered the parties' stipulation, giving Defendants until July 22, 2022 to respond to the Complaint. ECF No. 21. In August 2022, the Court referred the parties to the Court-annexed Mediation program, and the case was apparently stayed. ECF No. 25. The case was reassigned to the undersigned on September 28, 2022. ECF No. 28. In a joint letter to the Court on October 11, 2022, the parties requested the Court enter a briefing schedule regarding Defendants' anticipated motions to dismiss. ECF No. 30. That day, the Court ordered Defendants to file their motions to dismiss no later than November 15, 2022, and Plaintiff to file its opposition no later than December 15, 2022. ECF No. 31. Defendants timely filed their motion in accordance with the Court's Order (ECF Nos. 37, 40), but on December 7, 2022, the parties jointly requested additional time to file opposition and reply papers (ECF No. 46). The Court granted that request on December 8, 2022, ordering Plaintiff to file her opposition no later than January 18, 2023. ECF No. 47.

  On January 18, 2023, in lieu of filing an opposition to Defendants' motions to dismiss, Plaintiff filed an Amended Complaint. ECF No. 50. Defendants now ask the Court to strike the Amended Complaint as untimely filed, arguing that the Court's December 8, 2022 Order only extended Plaintiff's time to file an opposition to the motions to dismiss, not more time to file an

amended complaint as of right.  ECF No. 51.  Defendants also argue that the amendment is futile, or in the alternative, they should have additional time to respond to the Amended Complaint.  *Id.*  Plaintiff has filed a letter in response, explaining that she understood the extension applied to her time to file an amended complaint.  ECF No. 52.  She also attaches email correspondence between the parties, in which – a week prior to her filing the Amended Complaint – her counsel put Defendants on notice of her intent to amend, and counsel for Defendants responded with "Ok, thanks."  *Id.*, Ex. 1.

Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has explained that this is a "liberal" or "permissive standard . . . [that] is consistent with our strong preference for resolving disputes on the merits."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  Additionally, it is "within the sound discretion of the district court to grant or deny leave to amend."  *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 349 (S.D.N.Y. 2020).

Here, the parties are in disagreement over whether the Court's December 8, 2022 extension of time to oppose the motions to dismiss also included an extension of time to amend as of right.  Under the Court's Individual Rule 3(B) and Federal Rule of Civil Procedure 15(a)(1)(B), a party has a right to amend its pleading within 21 days of the filing of a motion to dismiss.  While the parties' December 7, 2022 extension request did not refer to these Rules, Plaintiff's understanding that her request for an extension of time to file opposition papers encompassed the time to amend appears to be made in good faith.  Additionally, Defendants did not put Plaintiff on notice of their different understanding of the December 8, 2022 Order on January 11, 2023, when they were informed she intended to amend.  Considering the liberal standard to amend, and Plaintiff's good faith misunderstanding of her deadline to amend, the Court exercises its discretion to permit Plaintiff leave to amend.  Accordingly, Defendant's

2

motion to strike the Amended Complaint is DENIED, and Plaintiff's motion to file an Amended Complaint is GRANTED.

In light of the filing of the Amended Complaint, IT IS FURTHER ORDERED that Defendants' motions to dismiss the original complaint in this action are dismissed as moot. Defendants shall respond to the Amended Complaint no later than **February 17, 2023**.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 37, 40, 51, and 52.

Dated: January 30, 2023               SO ORDERED.
       New York, New York

                                      _____
                                      JENNIFER L. ROCHON
                                      United States District Judge